IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GARY W. DUHON | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-249 |
| ANN PICKLE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Gary W. Duhon, formerly an inmate confined at the Jasper County Jail, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Ann Pickle, Jason McClelland and Jarold Hudson. Plaintiff seeks money damages. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff states he was arrested on May 31, 2019, for a crime he did not commit. He alleges that while he was in the Jasper County Jail, Defendant Hudson, an officer with the Jasper Police Department, extracted DNA from him. Defendant Hudson originally told Plaintiff he had a court order directing Plaintiff to allow him to obtain DNA. Plaintiff refused to cooperate and Defendant Hudson admitted he did not have a court order. After instructing Plaintiff to sit down on a chair along a wall, Defendant Hudson forced Plaintiff's head back and used a swab to obtain DNA from Plaintiff's mouth.

Plaintiff further alleges that Defendant McClelland, a deputy sheriff with the Jasper County Sheriff's Department, refused to arrest Patrick William Russell, II, on a charge of aggravated assault and battery. Plaintiff, who suffers from spinal bifida, asserts Mr. Russell struck him in the back of the head. He states he provided a written statement attesting to this. Plaintiff further alleges that after he was arrested on May 31, 2019, Mr. Williams, Donna Marie Kildof and David Lindsay took property from his apartment. He states that even though he reported the crime, no arrests were made.

Finally, Plaintiff alleges Defendant Pickle, the district attorney of Jasper County, improperly used passive DNA from a communal washing machine that he used once a week to obtain an indictment against him.  He states the DNA relied on had been intermingled with DNA from other people in the household, causing the DNA to be contaminated and unreliable.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity, if the complaint  "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While a complaint need not contain detailed factual allegations, the plaintiff must allege sufficient facts to show more than a speculative right to relief.  *Id*. at 555.

Analysis

*Claim Against Defendant Hudson*

Plaintiff alleges that Defendant Hudson violated his constitutional rights by swabbing his mouth for DNA without a court order.

Obtaining DNA samples from prisoners implicates the Fourth Amendment.  *Groceman v. United States Dep't of Just.*, 353 F.3d 411, 413 (5th Cir. 2004).  However, in light of an inmate's diminished privacy rights, the minimal intrusion involved and the legitimate government interest in using DNA to investigate and prosecute crimes, collecting DNA samples des not violate the Fourth Amendment.  *Velasquez v. Woods*, 329 F.3d 420, 421, 465-66 (5th Cir. 2003).  Further, the Supreme Court has held that using a swab to obtain a DNA sample from a person under arrest is reasonable under the Fourth Amendment.  *Maryland v. King*, 569 U.S. 435, 465 (2013).

Based on the authorities cited above, obtaining a DNA sample from Plaintiff did not violate his rights under the Fourth Amendment.  He has therefore failed to state a claim upon which relief may be granted against Defendant Hudson.

*Claim Against Defendant McClelland*

Plaintiff alleges Defendant McClelland improperly refused to arrest Mr. Williams and two other individuals that committed crimes against him.  However, private citizens do not have a constitutional right to have an individual criminally prosecuted.  *Oliver v. Collins*, 914 F.2d 56, 60 (1990); *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007).  The alleged failure to investigate complaints of criminal conduct and take actions in response to them does not provide a basis for a civil rights suit.  *Robinson v. United States*, 185 F. App'x 347, 348  (5th Cir. 2006).  As a result, Plaintiff has failed to state a claim against Defendant McClelland upon which relief may be granted.

*Claim Against Defendant Pickle*

Plaintiff asserts Defendant Pickle used unreliable DNA evidence to obtain an indictment against him.  For the reasons set forth below, Defendant Pickle is entitled to absolute immunity.

Criminal prosecutors enjoy absolute immunity from claims for money damages under Section 1983 for actions taken in the presentation of a criminal case.  *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993).  As the Supreme Court stated:

> [A]cts taken by the prosecutor in preparing for the initiation of judicial proceedings or for trial and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.  Those acts must include the professional evaluation of the evidence assembled by the police and the appropriate preparation for its presentation at trial . . . .

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Prosecutorial immunity applies to a prosecutor's actions in initiating the prosecution of a case and in carrying a case through the judicial process.  *Graves*, 1 F.3d at 318.  Absolute immunity against claims for money damages shields prosecutors even when they initiate a prosecution maliciously, wantonly or negligently.  *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

Plaintiff claims Defendant Pickle improperly obtained an indictment against him, an action taken in connection with the initiation and prosecution of Plaintiff's criminal case. Defendant Pickle is therefore entitled to absolute prosecutorial immunity.

<u>Recommendation</u>

This civil rights lawsuit should be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant immune from such relief.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions which are accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 24th day of April, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE